# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO.  1:09CV54

| | |
|---|---|
| HOLLY P. OXNER, JR., and FORREST EUGENE WEAVER, both individually and on behalf of all similarly affected retired and/or active police officers of the City of Asheville, )<br><br>Plaintiffs, )<br><br>Vs. )<br><br>JEFFREY RICHARDSON, Assistant City Manager of the City of Asheville; ) LISA ROTH, Director of Human Resources of the City of Asheville; and THE CITY OF ASHEVILLE, )<br><br>Defendants. ) | **MEMORANDUM AND<br>O R D E R** |

**THIS MATTER** came on for hearing before the Court on May 21, 2009, on the Plaintiffs' motion for class certification and for appointment of class counsel pursuant to Fed. R. Civ. P. 23, filed March 20, 2009.  For the reasons stated below, Plaintiffs' motion is granted.

# I.  BACKGROUND

The Plaintiffs filed this action in their individual capacities as well as on behalf of a class of all current and former law enforcement officers for the Defendant City of Asheville pursuant to 42 U.S.C. § 1983, alleging their constitutionally protected contractual and vested property rights have been violated by the actions of the Defendants in regard to Plaintiffs' vested sick leave retirement benefits.  ***See* Complaint, filed February 5, 2009, ¶ 9.**

Plaintiffs state that as employees of the Defendant City of Asheville, they were entitled to accrue annual and sick leave.  *Id*. **¶ 13.**  Any unused annual leave would be transferred to sick leave; but under the personnel policies of the City, employees would not be compensated for any unused sick leave upon their separation from employment with the City.  *Id.* However, such sick leave would be applied to the employee's retirement account pursuant to polices set forth by the Local Government Employees Retirement System.  *Id*.  Effective January 1, 2007, the Plaintiffs allege the Defendants adopted Administrative Policy No. 62 which "adjust[ed] the accrued sick-leave benefits of the Plaintiffs so that they would never have more hours of benefit than they would have acquired if they had been working their entire career at an [8-hour] accrual rate."  *Id*. **¶ 23.**  Plaintiffs

further allege that Administrative Policy No. 62 directly conflicts with the Defendant City's own personnel policies. *Id.*

The method of computing retirement benefits under the Administrative Policy No. 62 is the same as to all class members and involves the conversion of annual leave and sick leave to retirement benefits. The alleged result is the potential and actual loss of retirement benefits to which the retiree is entitled.

The two named Plaintiffs allege that they have been and are currently employed as police officers of the City of Asheville; that they are members of a class sought to be established and bring the action on behalf of themselves and all other similarly affected current and retired officers of the City; their numerous members, estimated to be approximately 150 to 200 officers, make it impracticable to join all members of the class; that the claims of all class members are typical; and they will fairly and adequately represent and protect the interests of the class members. **Plaintiffs' Motion to Certify Action as Class Action, filed March 20, 2009, ¶¶ 1-4.** Plaintiffs further allege that the City of Asheville has refused to modify the offending policies and the questions of law and fact, common to class members, predominate over any questions affecting individual members.

*Id.* **¶¶ 6-7.** Plaintiffs further state that the prosecution of such a large number of separate actions would create the real risk of inconsistent adjudications and create varying standards of conduct for the officers. *Id.* **¶ 5.**

In their request for the appointment of counsel for the class, the Plaintiffs state that their present counsel, George W. Saenger and his firm of Adams, Hendon, Carson, Crow and Saenger, have expended over 100 hours since June 2007 investigating Plaintiffs' potential claims as well as those of the class, are experienced trial attorneys, will commit adequate resources to represent the parties, and are qualified to serve as class counsel. *Id.* **¶ 8.**

## II.  STANDARD OF REVIEW

In determining whether an action should be certified as a class action, a two-part test is applied. ***See* Fed. R. Civ. P. 23(a).** First, the Plaintiffs must show that, 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical

of claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class.

The last three requirements under Rule 23(a) "'tend to merge' with commonality and typicality 'serv[ing] as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff[s'] claim[s] and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" ***Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 337 (4th Cir. 1998) (quoting *General Tel. Co. v. Falcon*, 457 U.S. 147, 157 n.13 (1982)).** If each of these prerequisites is met, then the putative class must show that it fits into one of three categories set forth in Rule 23(b); if the class fails to qualify under Rule 23(a), then a determination under Rule 23(b) is unnecessary.

The Court must first determine whether a case or controversy exists and, if so, whether class certification is appropriate. ***Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 (11th Cir. 2003).** However, the Court has no authority to conduct an inquiry into the merits of the case to determine whether or not it may be maintained as a class action. ***Anderson v. City of Albuquerque*, 690 F.3d 796, 799 (10th Cir. 1982);**

*see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974). In ruling on the motion for class certification herein, the Court has considered the arguments of counsel at the hearing and accepts as true the allegations contained in the complaint. *Shelter Realty Corp. v. Allied Maint. Corp.*, 574 F.2d 656, 661 (2d Cir. 1978); *Green v. Wolf Corp.*, 406 F.2d 291, 294 n.1 (2d Cir. 1968). Nonetheless, the burden of establishing the right to certification remains with the Plaintiffs herein. *Stastny v. Southern Bell Tel. & Tel. Co.*, 628 F.2d 267, 273 (4th Cir. 1980).

### III.  DISCUSSION

The Court will first determine whether the prerequisites of Rule 23(a) have been met and, if so, the provisions of Rule 23(b) will then be applied.

### A.    Numerosity

The first requirement of Rule 23(a) is that the class be "so numerous that joinder of all members is impracticable." In this case, multitudinous lawsuits by a likely number of 100 or more plaintiffs, each seeking virtually the same relief for the same or similar wrong, would make little common sense and unduly burden the limited availability of court time. The limited

size of the claims and cost to each party would be unduly burdensome as well. "[N]umbers alone are not controlling, but on the contrary, all the circumstances of the case should be taken into consideration." ***Ballard v. Blue Shield of S. W. Va., Inc.*, 543 F.2d 1075, 1080 (4th Cir. 1976); *see also Edmondson v. Simon*, 86 F.R.D. 375, 379 (N.D. Ill. 1980) (small amount of recovery may make individual suits impractical).**

### B.    Commonality

The Rule's next requirement is that questions of law or fact be common to the class. Total commonality is not required. The commonality requirement is satisfied "'where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated.'" ***Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982) (quoting *American Fin. Sys., Inc. v. Harlow*, 65 F.R.D. 94, 107 (D. Md. 1974)).** "[W]hen the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected." ***Edmondson*, 86 F.R.D. at 380.** "Commonality dos not require

an identity of claims or facts among class members; instead, '[t]he commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class.'" ***Johnston v. HBO Film Mgmt., Inc.***, 265 F.3d 178, 184 (3d Cir. 2001) (quoting ***In re Prudential Ins. Co. America Sales Practice Litig.***, 148 F.3d 283, 310 (3d Cir. 1998)).

The Court finds a commonality of both law and fact exist. The determination of membership in the class will be made on the same basis as to each person serving or having served as classified police officers who has accrued vested sick leave retirement benefits. The same formula in determining the amount of accrued benefits for present or past service will be applied to each class member. The question of law then becomes whether or not Administrative Policy No. 62 is lawful and, therefore, enforceable as to the Plaintiffs. "What we are looking for is a common issue the resolution of which will advance the litigation." ***Sprague v. Gen. Motors Corp.***, 133 F.3d 388, 397 (6th Cir. 1998).

## C.    Typicality

The third prerequisite of Rule 23(a) is the requirement that "the

claims or defenses of the representative parties are typical of the claims or

defenses of the class."

> "Typicality determines whether a sufficient relationship exists
> between the injury to the named plaintiff and the conduct
> affecting the class, so that the court may properly attribute a
> collective nature to the challenged conduct . . . .  A necessary
> consequence of the typicality requirement is that the
> representative's interests will be aligned with those of the
> represented group, and in pursing his own claims, the named
> plaintiff will also advance the interests of the class members."

*Id.* at 399 (quoting *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1082

(6th Cir. 1996) (other citations omitted)).  The fact that the amount of

damages that may be awarded the various plaintiffs may vary will not

ordinarily defeat a finding that the representative is typical of the class.

*Rodriguez v. Swank*, 318 F. Supp. 289, 294 (N.D. Ill. 1970).  Typicality in

this case is sufficient to ensure the representative parties will adequately

protect the interests of the entire class.   *Newman v. RCN Telecom*

*Servs., Inc.,* 238 F.R.D. 57 (S.D.N.Y. 2006).  Minor variations in the fact

patterns underlying the individual claims should not defeat typicality

requirements.  ***Dupler v. Costco Wholesale Corp.***, **249 F.R.D. 29**

**(E.D.N.Y. 2008).**

In this case, the principal manifest issue is the validity and manner of

enforcing Administrative Policy No. 62.  The issue is the same for the

Plaintiffs as for the class.  The issues arise from the same course of

conduct as the alleged class claims and give rise to the same legal and

remedial theories.  ***LeBeau v. United States***, **222 F.R.D. 613 (D.S.D.**

**2004).**  The Court finds no conflict of interest between the Plaintiffs and

remaining class members.


**D.     Adequacy of Representation**

Rule 23(a)(4) requires that "the representative parties will fairly and

adequately protect the interests of the class."  This is an essential

prerequisite to the right of representative parties to maintain a class action.

***Hill v. Western Elec. Co.***, **672 F.2d 381, 388 (4ᵗʰ Cir. 1982).**  "The

adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest

between named parties and the class they seek to represent."  ***Amchem***

***Prod., Inc. v. Windsor***, **521 U.S. 591, 625 (1997).**  This Court finds none.

The Defendants appear to argue that the Plaintiffs would not be proper representatives of the class because the results of the application of Administrative Policy No. 62 to the various members of the class and the representatives would vary according to the amount of credible service, such as whether the representative is currently employed by the Defendant City or retired from such service. If the current administrative policy is found to be unenforceable in its present form, the results will be the same as to all parties. Its provisions will no longer be binding on any certified officers. Determining any variation in outcome as to any officer will of necessity depend on the validity of the administrative policy.

As previously noted, Plaintiffs' counsel are competent attorneys with a background of litigation experience which will insure appropriate representation of Plaintiffs and class members in this case.

**E.     Rule 23(b)**

Having found that the requirements of Rule 23(a) have been satisfied, the Court next considers the provisions of Rule 23(b).

The Court concludes that individual suits by class members could easily and likely would result in "inconsistent or varying adjudications with

respect to individual class members that would establish incompatible standards of conduct for the party opposing the class," given the variety of work or retirement issues that may be raised by the affected parties. **Fed. R. Civ. P. 23(b)(1)(A).** Similarly, "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests" could likely result. **Fed. R. Civ. P. 23(b)(1)(B).**

Also the Court further finds that the City "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," in determining the legality of the policy for adjusting accrued sick leave at the time of retirement. **Fed. R. Civ. P. 23(b)(2).** Courts have held certification pursuant to Rule 23(b)(2) to be appropriate in cases where plaintiffs sought declaratory relief against a defendant regarding medical benefits of a retirement plan. ***See Bower v. Bunker Hill Co.*, 114 F.R.D. 587, 596 (E.D. Wash. 1986).** Likewise, certification under the same rule provision was upheld in a case where the class sought injunctive relief for

improper calculation of retirement benefits. ***Probe v. State Teachers'
Retirement Sys.*, 780 F.2d 776, 778-82 (9th Cir. 1986).**

For the foregoing reasons, the Court finds that class certification is
appropriate and that notice to class members would be appropriate by
reason of monetary relief sought. Class counsel will determine the most
efficient and effective manner of providing notice.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' motion for class
certification is **ALLOWED**, and the class is hereby certified as follows:

> All persons who throughout the time complained of herein were
> or thereafter have been employed by the Defendant City of
> Asheville as classified police officers whose accrued vested
> sick leave retirement benefits have been or presently are
> subject to retroactive reduction, adjustment and diminishment
> as a result of the actions taken by the Defendants herein.
>
> The representatives of the class are Holly P. Oxner, Jr., and
> Forrest Eugene Weaver.

**IT IS FURTHER ORDERED** that the class claims and issues are as
set forth in the complaint filed herein and the law firm of Adams, Hendon,
Carson, Crow and Saenger is hereby appointed as class counsel.

**IT IS FURTHER ORDERED** that class counsel shall provide appropriate notice to the members of the class and shall file with the Court a statement that such notice has been provided.

**IT IS FURTHER ORDERED** that, oral argument having been afforded to the parties, no motion to reconsider this Order will be entertained by the Court.

Signed: August 6, 2009

Lacy H. Thornburg
United States District Judge