IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 1:09-CV-054

| | |
|---|---|
| HOLLY P. OXNER, JR. and FORREST EUGENE WEAVER, Both Individually and on Behalf of All Similarly Affected Retired and/or Active Police Officers of the City of Asheville,<br>    Plaintiffs<br><br>v.<br><br>JEFFREY RICHARDSON, Assistant City Manager of the City of Asheville; LISA ROTH, Director of Human Resources of the City of Asheville; and THE CITY OF ASHEVILLE,<br>    Defendants | ORDER |

ORDER

  THIS CAUSE coming on to be heard and being heard upon the Court's Order, in the matter of the Notice of Proposed Class Action Settlement filed and served upon all parties by Class Counsel for the approval of the Proposed Settlement as described in the Notice, such Proposed Settlement being subject to the approval of this Court pursuant to Fed. R. Civ. P. 23.

  And it appearing to the Court that the Court has jurisdiction of the parties and the subject matter, that class members who were entitled to notice of the Proposed Settlement as required by Fed. R. Civ. P. 23 have been served with a copy of the Proposed Settlement and notice of this hearing, and the Court having heard statements of Counsel and those class members objecting to the Proposed Settlement, after hearing, the Court makes the following:

FINDINGS OF FACT

1. That the Court in its Order of August 6, 2009, defined the class as:

    "All persons who throughout the time complained of herein were or thereafter have been employed by the Defendant City of Asheville as classified police officers whose accrued vested sick leave retirement benefits have been or presently are subject to retroactive reduction, adjustment and diminishment as a result of the actions taken by the Defendants herein."

2. That the Defendants have pled the statute of limitations as a defense to exclude those City of Asheville classified police officers who retired before February 5, 2006, and that if the matter is not settled and proceeds to trial, Defendants will pursue this defense.

3. That the parties, as part of the Proposed Settlement, and as set forth in the Notice, propose that the class should exclude those City of Asheville classified police officers who retired on or before February 5, 2006 (the "Settlement Class").

4. That the City has in its possession records of the history of sick leave accrual for each member of the class, an example of such record having been shown to opposing counsel and the Court during the January 31, 2012 hearing.

5. That the City, as a term of the Proposed Settlement, will re-calculate the accrued sick leave balance for each Settlement Class member by using the records described in Paragraph 4 and by removing any pre-2007 shift change adjustments previously made to each Settlement Class member's total accrued sick leave balance during that class member's employment as a City of Asheville classified police officer.

6. That the City, as a term of the Proposed Settlement, will calculate a revised creditable service total for each retired Settlement Class member by using the revised accrued sick leave balance as determined through the methodology described in Paragraph 5.

7. That the City, as a term of the Proposed Settlement, will report the revised creditable service total for each retired Settlement Class member to the Local Governmental Employees Retirement System ("LGERS"), and will request that LGERS use the revised creditable service total for each retired Settlement Class member to re-calculate each retired Settlement Class member's monthly pension.

8. That the City, as a term of the Proposed Settlement, will also use the revised creditable service total of each retired Settlement Class member to recalculate the "Separation Allowance" (also known as "longevity pay") of any retired Settlement Class member to ascertain a revised monthly Separation Allowance.

9. That the City, as a term of the Proposed Settlement, will pay to each retired Settlement Class member who is then eligible for Separation Allowance, a revised monthly Separation Allowance amount based on the revised creditable service.

10. That the City, as a term of the Proposed Settlement, will pay to each retired Settlement Class member, a lump sum equal to the difference between the total Separation Allowance already paid to such Settlement Class member as of the date of the Settlement and the total amount of Separation Allowance that would have been paid based on the revised creditable service total for such retired Settlement Class member.

11. That the City, as part of the Proposed Settlement, will allow current City of Asheville classified police officers to use the revised total sick leave days during their career

consistent with City policies, or apply them to future retirement consistent with statutory and LGERS requirements.

12. That the City as a term of the Proposed Settlement, will calculate, in the same manner as described in Paragraphs 5 and 6 above, revised sick leave totals and creditable service totals for any former City of Asheville classified police officer who was employed by the City of Asheville prior to January 1, 2007, and who subsequently separated, but did not retire, from City of Asheville employment and who remains eligible for or receives a LGERS pension.

13. That the City, as a term of the Proposed Settlement, will report the revised creditable service total for any former City of Asheville classified police officer who was employed by the City of Asheville prior to January 1, 2007, and who subsequently separated, but did not retire, from City of Asheville employment and who is receiving a LGERS pension, to LGERS, and the City will request that LGERS use the revised creditable service total to re-calculate such Settlement Class member's monthly pension.

14. That the City, as a term of the Proposed Settlement, will report the revised creditable service total for any former City of Asheville classified police officer who was employed by the City of Asheville prior to January 1, 2007, and who subsequently separated, but did not retire, from City of Asheville employment and who is now employed by an employer who participates in LGERS, and the City will advise that former officer to report the revised creditable service total to the current LGERS participating employer.

15. That the City, as a term of the Proposed Settlement, will complete all calculations for retired Settlement Class members no later than thirty (30) days after entry of this Order.

16. That the City, as a term of the Proposed Settlement, will complete all calculations for current City of Asheville classified police officers in the Settlement Class no later than sixty (60) days after entry of this Order.

17. That the City, as a term of the Proposed Settlement, will complete all calculations for any former City of Asheville classified police officer was employed by the City of Asheville prior to January 1, 2007, and who subsequently separated, but did not retire, from City of Asheville employment no later than one hundred and twenty (120) days after entry of this Order.

18. That the City, as a term of the Proposed Settlement, will supply each Settlement Class member with a copy of their respective source document(s) and revised sick leave calculations and total.

19. That the City, as a term of the Proposed Settlement, will provide each Settlement Class member with a contact name and telephone number within the City of Asheville Human

Resources department to call if the Settlement Class member disagrees with the accuracy of the revised sick leave calculations and/or total.

20. That the parties agree, as a term of the Proposed Settlement, that Settlement Class members will have thirty (30) days within which to protest the revised sick leave and creditable service calculations and/or totals after receipt of documents described in Paragraph 18 above.

21. That the City, as a term of the Proposed Settlement, will purchase credit for retired Settlement Class officers from LGERS to compensate for LGERS's disallowance of any sick leave resulting from converted holiday hours.

22. That the City, as a term of the Proposed Settlement, will pay Class counsel $32, 500 in attorneys fees within thirty (30) days of the entry of this Order.

CONCLUSIONS OF LAW

1. That the Court has jurisdiction of the parties and the subject matter.

2. That notice of the Proposed Settlement was properly provided to all class members.

3. That the class members were afforded an adequate opportunity to respond to the Notice of Proposed Settlement.

4. That the Proposed Settlement provides class members with what they would have been entitled to as pled in the Complaint.

5. That the payment of $32,500 in attorneys' fees to Class counsel is fair and reasonable.

6. That the Proposed Settlement is fair, reasonable and adequate and is in the best interest of the class and is a desirable means of settling this dispute.

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW IT IS HEREBY ORDERED:

1. That the Proposed Settlement, as set out in the Notice of Settlement and as amended in the findings of fact above is hereby authorized and approved;

2. That the Defendant City is to perform all calculations as set forth in the Findings of Fact;

3. That the retired members of the Settlement Class are required to execute all necessary documents to report creditable service changes to LGERS;

4.      That the parties are instructed to report back to this Court, no later than 150 days after the date of this Order, that all settlement calculations are complete and that reporting to LGERS, where appropriate, has been accomplished or the parties, by mutual consent, shall apply to this Court, for good reason, for a reasonable extension of this deadline;

5.      That the parties are to request a hearing for final settlement approval no later than 150 days after entry of this Order, unless an extension of time has been granted by this Court.

Signed: February 29, 2012

Graham C. Mullen
United States District Judge